## HOOPER v. BENSON.

Where money is taken from a garnishee by a compulsory process in the law — it ought to excuse him.

ACTION on note, dated 25th of November 1789 for £30, payable in net stock, corn, etc. on the 20th December A. D. 1790 with interest. Plea — Full payment. Issue to the jury.

On the 27th of April A. D. 1790 Hooper for a valuable consideration, indorsed this note to a Mr. Williams of Roxbury, of which the defendant had notice; Dr. Dyer and one Compstock, creditors of Hooper, instituted suits against him for their debts and described him to be an absconding debtor, and on the 8th of July A. D. 1790, copies were left with the defendant in service as debtor to said Hooper, and judgments were afterwards recovered in said suits against said Hooper, and a *scire facias* was brought on each, against

the defendant; the defendant paid to said Williams on the 2d of April 1791 £14 12s. which was indorsed on the note, he notified said Williams of the suits of Dyer and Compstock against him and called on him to defend against them; Williams took very little pains in the suits, referred him to some witnesses whose depositions he took and made the best defense he could for Williams; but they recovered against him. Dr. Dyer recovered judgment and execution for £16 1s. 9d., and Compstock for £17 19s., which were levied and collected of the defendant, which more than paid said note.

The jury found that the defendant had made full payment of the note on which, etc. which was accepted by the court; there being only three judges.

CHAUNCY, J., dissented, upon the ground that by the assignment of the note, the property was vested in said Williams, and that a recovery ought to be had for his benefit, and that the recovery by the creditors against the defendant was wrong.

ADAMS and ROOT accepted the verdict, upon the principle that admitting the property to be vested in Williams, by the assignment, yet as the defendant was unable to defend against the suits of the creditors, by all the means said Williams furnished, and being compelled to pay them, it would be unreasonable to put him to a suit to recover the money back. If the money was Williams's and Dyer and Compstock had no right in equity to hold it, let him be at the expense of recovering it.